(109 So. 780)

No. 27630.

## HARRINGTON v. JOHN et al.

(June 28, 1926. Rehearing Denied Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** ⬦⟳490—**Plaintiff in personal injury action may sue to set aside fraudulent mortgage by unsuccessful defendant, though his devolutive appeal was pending (Code Prac. art. 578).**

Plaintiff in personal injury action may bring suit to set aside fraudulent mortgage made by unsuccessful defendant, notwithstanding that his devolutive appeal was pending, since such appeal does not stay execution, in view of Code Prac. art. 578, and suit to remove such mortgage from property of judgment debtor was essential to execution.

2. **Fraudulent conveyances** ⬦⟳295(1).

Evidence *held* to show that mortgage given by defendant in personal injury action, after adverse verdict, was fraudulent as to plaintiff therein.

Appeal from Fifteenth Judicial District Court, Parish of Acadia; W. W. Bailey, Judge.

Suit by Mrs. Emma Sarver Harrington against Thomas John and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Philip S. Pugh, of Crowley, for appellants.

Percy T. Ogden, of New Orleans, and W. J. Carmouche, of Crowley, for appellee.

ROGERS, J. In December, 1923, a Ford sedan in which plaintiff and three other ladies were riding was run into from the rear by a Hudson automobile owned and operated by the defendant Thomas John. As a result of the collision all the occupants of the Ford car were injured; plaintiff's injuries, in particular, being of a serious character. In due course she brought suit to recover damages for her injuries. The case was tried by the court sitting with a jury, resulting in a verdict in her favor for $5,500. The defendant filed a motion for a new trial, which was argued and overruled. He then appealed devolutively to the Court of Appeal for the First Circuit, and that court reduced the amount awarded to $3,500, and otherwise affirmed the judgment.

Shortly after the verdict of the jury was rendered, and while his application for a new trial was pending, defendant Thomas John gave his brother Joseph John a mortgage for $2,400 on his residence in the city of Crowley, and at the same time executed in favor of his brother Nami John a chattel mortgage for $550 on his Hudson automobile, and a special mortgage for $15,000 on all his remaining property, consisting of six items of real estate situated in various sections of the city of Crowley.

In this suit, which is against Thomas John and Nami John, plaintiff seeks to set aside the act of mortgage for $15,000 on the ground that it was a simulation, and, in the alternative, that it was fraudulent; and, further, in the alternative, that, if Thomas John owed Nami John any money, it did not amount to the sum mentioned in the act of mortgage; and still further, in the alternative, she averred, if the mortgage was valid for the full amount, then the mortgagor was insolvent, and the mortgage should be annulled as constituting a fraudulent preference. In their answer defendants denied the allegations of simulation and fraud, and alleged that the amount secured by the mortgage represented a valid indebtedness due by the mortgagor to the mortgagee. They averred also that a devolutive appeal had been taken from the judgment for damages, and there was no certainty the judgment would be affirmed on the appeal.

The court below held that the mortgage attacked was fraudulent, and annulled it so far as the demands of plaintiff are concerned. From this judgment the defendants appealed.

[1] Defendants excepted, in limine, that plaintiff's suit was premature, and their counsel contends the exception should have been maintained. There is no merit in the contention. The devolutive appeal did not stay execution (Code Prac. 578), and plaintiff's suit to remove the alleged simulated or fraudulent mortgage from the property of her judgment debtor was essential to the execution of her judgment.

[2] The judgment itself appears to be correct. The defendants are natives of Syria. Nami John came to the United States in the year 1887, and Thomas John came here in 1902. Upon his arrival in this country Thomas John immediately began to work for Nami John. This employment continued until the year 1909, when the commercial partnership of N. John & Bros. was formed. This partnership consisted of Nami John, Joseph John, Thomas John, and Lazard John. It was dissolved in the year 1917, when a partition of the assets of the firm was made among the partners. Since 1918, according to his testimony, Thomas John has not followed any gainful occupation.

Defendants' story is, that the indebtedness to secure which the mortgage was given originated in expenditures made by the mortgagee on behalf of the mortgagor while the latter was a child, in helping him "get on his feet" when he had arrived at manhood, and in the advancement of $5,000 to take care of the mortgagor's share of the common fund created under the articles of copartnership entered into by the four brothers in the year 1909. Nami John was unable to submit any evidence establishing the expenditures he claimed to have made for account of his brother. He testified in a general way that he "just figured up" what Thomas John owed him for taking care of him during his childhood, bringing him to this country, and helping him after he arrived here.

If so large an indebtedness existed as claimed by the defendants, it is incredible that Nami John made no effort whatever to collect it or to obtain security for its payment during the many years elapsing since the debt is alleged to have been incurred. The evidence shows that from the year 1902, when he arrived in this country, to the year 1918, when he apparently retired from business, Thomas John was successful in his business ventures. At the time the verdict of the jury was rendered against him he was in prosperous circumstances, the owner of a high-powered automobile, of a home and contents worth in the neighborhood of $10,000, of other real estate valued approximately at $20,-000, and of mortgage notes aggregating $13,-000. The verdict of the jury appears to have converted him overnight from a man living on the interest of his capital to one living on the interest of his debts, because immediately after the verdict was rendered he mortgaged all his property to his brothers to secure various mythical debts originating in pretended transactions of the dim and distant past.

It is unbelievable that, if Thomas John owed Nami John the considerable sum they now claim is due, the latter should have made no attempt to collect it during the seven years Thomas John was in his employ. It is unbelievable, also, that with so large a debt unpaid he permitted Thomas John to become a member of the copartnership formed by the four brothers in 1909, according to article 2 of which "the whole of the property now existing in the city of Crowley and Acadia parish, and owned by said partners, shall be lumped together and made common property, and each partner brings his portion or share of cash into said partnership the sum of $5,000, each to be used and employed in common between said copartners for the managing and carrying on of said business."

When this copartnership was dissolved in 1917, its assets, which had practically doubled

in value, were distributed equally among the copartners. This fact in itself is irreconcilable with the claim of any existing indebtedness on the part of Thomas John in favor of his brothers, since there was no good reason why the alleged debtor should not have been required to liquidate his debts before he was permitted to receive his share of the partnership property.

Appellee has asked that the appellants be mulcted in damages for a frivolous appeal. We do not think the case calls for the infliction of such damages.

For the reasons assigned, the judgment appealed from is affirmed, at the appellants' cost.